UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS, | CASE NO. C23-0988-KKE |
| Plaintiff(s), | ORDER DISMISSING CASE |
| v. | |
| LISA COMBS, et al., | |
| Defendant(s). | |

This matter comes before the Court on multiple motions filed by Plaintiff Christopher William Harris. Dkt. Nos. 21, 22, 25, 26, 27, 28, 30, 31, 32, 33, 34. For the following reasons, the Court denies Harris's motions and dismisses this action with prejudice because Harris has failed to state a cause of action against any defendant or proposed defendant, and because amendment of the complaint would be futile.

### I. BACKGROUND

Harris entered a substance abuse treatment program at American Behavioral Health System ("ABHS") on May 15, 2023. Dkt. No. 7 at 3. Harris signed an information release permitting ABHS to contact Harris's supervising officer or any other supervising agent of the court if he left the treatment program before completion. *Id*. The release identifies Defendant United States Probation Officer Lisa Combs as Harris's supervising officer. *Id*.

Harris received a letter from ABHS dated June 5, 2023, notifying him that a disclosure of his health information, which constituted "a potential violation of [federal regulations,] occurred[.]" Dkt. No. 7 at 1. The potential violation consisted of a phone call from Jessica Donyes (an ABHS employee) to Combs requesting "collateral information" (*id.*) as well as emails from Donyes to Combs providing "an update and progress on [Harris]." *Id.*

On June 20, 2023, Harris appeared before U.S. Magistrate Judge Brian Tsuchida for an evidentiary hearing in a criminal proceeding unrelated to this case (hereinafter "the criminal case").[1] *See United States v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash. June 22, 2023), Dkt. No. 35. Harris alleges that, at that hearing, the information disclosed by Donyes to Combs was read aloud by Combs and Defendant Julie Jansen (a location monitoring specialist with U.S. Probation & Pretrial Services), and Judge Tsuchida subsequently modified the terms of Harris's bond. *See* Dkt. No. 6 at 5–6.

Harris filed this action in July 2023,[2] proceeding *pro se* and *in forma pauperis* (Dkt. No. 4), alleging a constitutional claim against Combs, Jansen, and the prosecutor in the criminal case (subsequently identified as Jocelyn Cooney[3]). Dkt. No. 1. According to Harris, because Donyes disclosed information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), Defendants' reference to that information during Harris's hearing with Judge Tsuchida constituted an unconstitutional seizure of his information under the Fourth Amendment.

---

[1] The Court takes judicial notice that Harris was a defendant in a criminal case in this district, *United States v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash.). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[2] Although Harris was issued summons forms, he did not return them or otherwise serve any Defendants. *See* Dkt. No. 8. He first requested service by the United States Marshal Service in December 2023 (Dkt. No. 31), and this request is denied for the reasons explained *infra*, Section E. To date, no Defendant has appeared in this action, and therefore Harris's motion to request information as to defense counsel (Dkt. No. 28) is denied as moot.

[3] *See* Dkt. Nos. 21, 34.

ORDER DISMISSING CASE - 2

Dkt. No. 6 at 5. Harris's complaint requests dismissal of the charges in the criminal case. *Id*. at 6.

Harris subsequently filed multiple motions requesting leave to amend his complaint, seeking and/or sharing information, demanding different forms of relief and a jury trial, seeking a change in venue, and requesting discovery. Dkt. Nos. 21, 22, 25, 26, 27, 28, 30, 31, 32, 33, 34.

## II.   ANALYSIS

### A.   Legal Standards.

A district court must dismiss a complaint filed *in forma pauperis* "at any time" if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Generally, these dismissals are granted with leave to amend unless the court determines that the deficiencies in the complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1126–28 (9th Cir. 2000) (en banc).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief, it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must also allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that he or she suffered a violation of rights protected by the Constitution or created by federal statute, and the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing,

ORDER DISMISSING CASE - 3

the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). To adequately state a claim under Section 1983, a plaintiff "must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights." *Gradford v. Gray*, No. 1:22-cv-01304-SAB, 2023 WL 2602271, at *6 (E.D. Cal. Mar. 22, 2023).

With these standards in mind, the Court considers the sufficiency of the claims referenced in Harris's complaint and in his motions to amend, as well as the relief he requests in his other motions.

B.   **Harris has Failed to Allege a Plausible Constitutional Claim.**

As noted above, Harris's complaint alleges that his Fourth Amendment rights were violated by Defendants' reference to his private medical information in the hearing with Judge Tsuchida. He has not shown that his right to the privacy of his medical information under HIPAA is protected by the Fourth Amendment, however. The Court is unaware of any authority suggesting that it is, and is instead aware of authority explicitly holding that it is not. *See Dalessio v. Univ. of Wash.*, Case No. 17-642 MJP, 2019 WL 2409607, at *3-5 (W.D. Wash. Jun. 7, 2019). None of the private medical information that was purportedly shared with Defendants "was of such an extreme nature that it rose to the level of violation of a constitutional right." *Id*. at *4. Thus, the allegations at the crux of Harris's complaint fail to state a claim upon which relief may be granted.

C.   **Granting Leave to Amend Would be Futile.**

Although the motions for leave to amend attempt to add claims for constitutional violations based on the same conduct referenced in the original complaint, Harris has not identified a constitutional right that has been violated by the conduct of current Defendants or those he seeks

ORDER DISMISSING CASE - 4

to add as defendants.  Dkt. Nos. 21, 22, 25, 26, 34.  Nor do any of the proposed amendments cure the deficiencies identified in the previous section to the extent that the amendments are premised on a deficient constitutional claim.  *Id.*

Harris also seeks to add King County, the City of Seattle, and the City of Tukwila as defendants, on the grounds that these municipalities employ the Defendants already named in this action.  *See* Dkt. Nos. 22, 25, 26, 34.  Combs, Cooney, and Jansen are federal employees, however, and there are no facts alleged to suggest that they are employed by any county or city.  Permitting this amendment would be futile.

Harris also requested leave to amend his complaint to add the Seattle mayor and John Does 1–10 as Defendants in this action, and to request compensatory and punitive damages as well as injunctive and declaratory relief.  Dkt. Nos. 25, 26.  Harris has not alleged facts explaining how the mayor or the unnamed individuals are implicated in this action, nor has he alleged plausible claims for relief of any kind.

Harris then alleges that Combs's misconduct led Judge Tsuchida to impose additional supervised release conditions on Harris with respect to the criminal case.  *See* Dkt. No. 32 at 8–9.  Harris also challenges the factual basis for one of the violations referenced in the criminal case, arguing that he did not actually commit that violation.  Dkt. No. 33.  Harris had the opportunity to deny the allegations of violations in the criminal case and availed himself of that opportunity, to at least some extent.  *See, e.g.*, *United States v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash.), Dkt. Nos. 36, 50. Notably, however, it appears that Judge Tsuchida modified Harris's conditions based on Harris's own admissions of violations.  *See id.*  Moreover, this suit is not the proper forum for a collateral attack on a pretrial ruling in the criminal case, to the extent that this argument could be construed as one.

ORDER DISMISSING CASE - 5

To the extent that Harris's motions reference retaliatory use of the grievance process (Dkt. No. 32 at 9, 14; Dkt. No. 34 at 8), Harris has not alleged any facts related to retaliation that relate to any Defendant in this case.  Harris references a grievance he filed against his ABHS counselor and contends that this grievance led him to be discharged from treatment at ABHS, and that this discharge led him to overdose from stress resulting in hospitalization (Dkt. No. 33 at 5), but these alleged facts are not directly connected to an act of Combs, Cooney, Jansen, or any of the other individuals referenced in Harris's motions to amend.

And to the extent that Harris attempts to challenge pretrial rulings or his sentence in the criminal case (Dkt. No. 33 at 2–3, 5–6, 9), this is not the proper forum for those arguments.  Harris apparently questions whether data retrieved from his ankle monitor can support an accusation of reckless driving (Dkt. No. 32 at 9–10, Dkt. No. 33 at 3), and whether he was in fact driving without insurance or while his driver's license was suspended (Dkt. No. 33 at 4), but disputes as to whether his law violations in the criminal case were supported by persuasive evidence do not pertain to the claims he has raised or sought to raise in this case.

Furthermore, Harris objects to how Combs, in particular, handled his supervised release and that Cooney said that she would recommend a prison sentence if Harris did not "do good on pre-trial." Dkt. No. 32 at 9.  Harris claims that he was set "to receive a prison sentence for not doing good on pre-trial" and that he can prove he "was completely doomed from the start with Lisa Combs and was not given the proper chance to [succeed] on [pre-trial.]" *Id*.  The docket of the criminal case, however, reveals that Harris was sentenced to a prison term after he pleaded guilty in the criminal case, not because he failed to succeed on pretrial release or because of any action taken by Combs or another Defendant.  *See United States v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash.), Dkt. Nos. 55–57.  And, as stated *supra*, a collateral attack on any ruling or order related to the criminal case is not properly before this Court in this context.  Accordingly, Harris

ORDER DISMISSING CASE - 6

has not alleged facts that link Combs's acts or omissions with any deprivation of a constitutional right, and Harris's loss of liberty, physical pain, emotional and economic losses, and spinal damage are not directly attributable to the actions of Combs or any other Defendant or proposed Defendant. *See, e.g.*, Dkt. No. 26 at 4–7.

Lastly, to the extent that Harris believes Combs conspired with other individuals to jeopardize Harris's sobriety and medical treatment, Harris has failed to allege facts indicating that Combs had an agreement with anyone else to violate Harris's constitutional rights or that his constitutional rights were indeed violated. *See* Dkt. No. 32 at 12–14. There are no facts alleged suggesting that a conspiracy existed between Combs and any other individual, and any conspiracy claim is therefore unsupported. *See Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992) (indicating that a complaint must "allege specific facts to support the existence of a conspiracy among the defendants").

Because amendment would be futile for all of these reasons, the Court denies Harris's motions for leave to amend his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

**D.   Harris's Motion to Transfer Venue is Denied.**

Harris filed motions to transfer venue to the Tacoma division of the U.S. District Court for the Western District of Washington, suggesting that it would be inappropriate to have his case heard in this Court (in the Seattle division) because of a potential conflict of interest stemming from the proximity of the Court to the proceedings in the criminal case and Defendants. Dkt. Nos. 27, 30.

Harris has not shown that venue is inappropriate in Seattle under the assignment rules of this district, however. *See* Local Rules W.D. Wash. LCR 3(d)–(e). Nor has Harris shown that a transfer to Tacoma would address the proximity concerns, given that the Seattle and Tacoma

ORDER DISMISSING CASE - 7

divisions of this Court work together in the same district. Accordingly, Harris's motion to transfer venue is denied.

**E.     Harris's Motion for Service is Denied.**

Harris requests that service on Defendants be effectuated by the Court via the United States Marshals Service. Dkt. Nos. 31, 34. Because the Court finds that Harris's complaint fails to state a claim on which relief may be granted, and that any amendment would be futile, the Court denies this request. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126–27.

## II.     CONCLUSION

For these reasons, the Court DENIES Plaintiff's motions (Dkt. Nos. 21, 22, 25, 26, 27, 28, 30, 31, 32, 33, 34) and dismisses his complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to administratively close this case.

Dated this 29th day of January, 2024.

Kymberly K. Evanson
United States District Judge